

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable J. B. O'Neall
County Attorney
Swisher County
Tulia, Texas

Dear Sir:

Opinion No. O-4214
Re: May two or more adjoining
counties form a road dis-
trict not to include the
whole of said counties under
the facts and conditions
set forth?

Your letter of recent date requesting an opinion of this department on the above stated question is as follows:

"I am requested to answer the above question, by a committee of citizens from these counties, (Swisher, Randall and Armstrong) and I have answered in the negative. However, that I may be sure of no mistake I am asking your opinion.

"FACTS

"The little town of Wayside in the Southwest corner of Armstrong County, are very much interested in a road to Happy in Swisher County, to connect with Highway No. 87 at Happy.

"The road as it now runs is all in Randall County because of being run on block line, which throws it about 100 yards from the north line of Swisher County but on the south line of Randall.

"It is desired to leave it as it is, as to location, but to form a road district taking some five miles off the south side of Randall County and the same off the north line of Swisher, and the balance being in Armstrong County, to have said Armstrong County take care of that. A plat of pro- posed road herewith.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"Art. 778a, provides:

"'That, pursuant to authority conferred by
Section 52, of Article 3, of the Constitution, any
number of adjoining counties are hereby empowered
and authorized to issue bonds in any amount not to
exceed one-fourth of the assessed valuation of the
real property of the territory included within such
counties, and to levy and collect annually ad valorem
taxes to pay the interest on such bonds and to pro-
vide a sinking fund for redemption thereof, for the
purpose of the construction, maintenance and opera-
tion of macadamized, graveled or paved roads and
turnpikes, or in aid thereof. The phrase "any number
of adjoining counties" as used in this Act shall be
construed to mean two or more counties contiguous to
each other.' (Acts 1937, 40th Leg. 1st C. S. P. 218
ch. 80)

"I am unable to find the above question spe-
cifically passed on but the case of T. & P. Ry. Co.
vs. State 43 SW-2-628 which was reversed and rendered
by the Supreme Court (62 SW-2-81) seems to sustain
the suggestion that said statute concerns districts
formed by whole counties and does warrant the forma-
tion of smaller road districts as desired.

"I hand you plat of the proposed road and road
district and will thank you for your early answer
since the committee above referred to are very anxious
to know the right answer.

"Having expressed a doubt as to the present law
authorizing such road district I have requested them
to await your reply before circulating a petition.

"If your answer is negative, then would you sug-
gest any other route than a special act of the legis-
lature, authorizing such road district."

House Bill No. 91, (Articles 778a-778p, inclusive,
Vernon's Annotated Civil Statutes) Acts of the 40th Legisla-
ture, 1st Called Session, 1927, is an Act authorizing the
creation of road districts comprising two or more adjoining

counties pursuant to Section 52, Article 3, of the Constitution; prescribing the method for the organization of such districts; authorizing such districts to vote and issue bonds for road building and maintenance purposes; requiring such districts to state in general terms the road or roads to be constructed, and the amount and portion to each road from the proceeds of the sale of bonds; authorizing such districts to purchase or take over improved roads already constructed by any county or road district included therein; providing for the selection of a treasury or depository for such district, enacting provisions incident and necessary to the subject and purpose of the Act; providing that if any portion of the Act should be held unconstitutional the remainder shall not be invalid, and declaring an emergency.

It will be noted that Section 1 of the above mentioned Act (Article 778a) provides that "The phrase 'any number of adjoining counties' as used in this Act, shall be construed to mean 'two or more counties contiguous to each other.'" Apparently it was contemplated by the Legislature that when any number of adjoining counties created a road district as provided in the above mentioned Act the whole, or rather all of the county of each adjoining county participating therein was to be included and no provision was made where a portion of two or more different adjoining counties could create a district under the Act, or a portion of one county and all of another or more counties could create a district but only two or more adjoining counties where all of each county was included could create a district under the Act.

After carefully considering the Act as a whole, we respectfully answer the above stated question in the negative.

We have carefully considered the case of State vs. Texas & P. Ry. Co., et al, 62 S. W. (2d) 81, which is referred to in your letter and are of the opinion that this case does not specifically pass upon the question here involved. The only question in this case was whether or not the Legislature had given authority to road districts, composed of two or more counties, to levy and collect a bond tax on rolling stock and intangible assets of a railroad, in accordance with the valuation made, as prescribed by law, and duly apportioned to a county, as such,

which is embraced in the district. We have failed to find any
case where the courts have passed upon the above stated question
or a similar question. However, as above stated, we are of the
opinion that the above mentioned statutes do not authorize the
creation of a road district from parts of two or more contiguous
counties.

Yours very truly

APPROVED DEC. 12, 1941                    ATTORNEY GENERAL OF TEXAS

/s/ Grover Sellers

                                          By
FIRST ASSISTANT                                /s/ Ardell Williams
ATTORNEY GENERAL                                          Assistant

AW:RS


APPROVED OPINION COMMITTEE BY B.W.B. CHAIRMAN

W.J.Y.